# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TYRONE FORD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. PROSPER, Warden<br><br>　　　　　Respondent. | 1:11-cv-00333-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

　　　　Petitioner filed the instant petition for writ of habeas corpus on February 25, 2011. Petitioner challenges a 2000 Kern County conviction of robbery with use of a weapon, plus enhancements.  Petitioner contends that his prior plea agreement was breached by the Kern County Superior Court's use of a single plea agreement as two strike enhancements.

　　　　Petitioner has previously filed a petition for writ of habeas corpus in this Court, in case number 1:08-cv-00384 DLB (HC), Ford v. Prosper, which was dismissed with prejudice as untimely on July 24, 2008.[1]  Petitioner filed a notice of appeal on March 1, 2007, and the Ninth Circuit Court of Appeals denied a certificate of appealability on September 7, 2007.  (See Dismissal Order, ECF No. 16, in 1:08-cv-00384-DLB (HC).)

---

[1] In that petition, Petitioner also challenged his sentence under California's Three Strikes law.

1

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

The prior petition in 1:08-cv-00384-DLB (HC) was dismissed with prejudice as time-barred by the statute of limitations.  Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits.  See e.g. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009); see also Villanueva v. U.S., 346 F.3d 55, 60 (2d Cir. 2003); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

A dismissal based on untimeliness under the statute of limitations bars further review of the action.  Therefore, because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b).

Although Petitioner attaches an application for leave to file a successive petition, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant petition attacking the same conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus be DISMISSED without prejudice as a successive petition;
2. The Clerk of Court is directed to terminate this action; and
3. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable

whether the petition was properly dismissed without prejudice as successive under 28 U.S.C. § 2244(b)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   **March 14, 2011**                       **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE